# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARIA ROSARIO METCALF, | CASE NO. 07CV1730 BTM (WMC) |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT** |
| vs. | |
| BONNIE DUMANIS, et al., | |
| Defendant. | |

Plaintiff, proceeding pro se, has filed a complaint which she has captioned as a criminal complaint. According to the title page of the complaint and the civil cover sheet filed therewith, the complaint is apparently brought under the Racketeer Influenced and Corrupt Organizations Act and a number of other federal statutes and international treaties.

The Court, having reviewed Plaintiff's complaint, finds that it is largely unintelligible. Her complaint is not in the proper form specified by Federal Rule of Civil Procedure 8, which requires that a pleading contain: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The Court is unable to discern the nature of Plaintiff's claim or any grounds upon which this Court could grant relief. Furthermore, Plaintiff's complaint includes no statement of the grounds upon which this Court's jurisdiction depends, and her reference to 28 U.S.C. § 1446 on the civil cover sheet is simply inapplicable because that statute refers to the removal of an action from State court.

Furthermore, Plaintiff has styled her pleading as a "criminal complaint."  Plaintiff is advised that, to the extent she wishes to bring a criminal action against any Defendant, her complaint must be dismissed upon this independent ground as well.  A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.  See United States v. Nixon, 418 U.S. 683, 693 (1974); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only the United States as prosecutor can bring a criminal complaint under RICO).

Accordingly, the Court hereby orders that Plaintiff's complaint is **DISMISSED** without prejudice.  However, if Plaintiff believes that her allegations can properly be brought in the form of a civil complaint, she is granted leave to file an amended complaint, which corrects the deficiencies identified above.  Plaintiff is further directed to consult the Local Rules for this Court and any amended complaint should conform to Civil Local Rule 5.1.  The rule requires that: (1) pleadings be legible; (2) statements be made in numbered paragraphs, which are limited to a single set of circumstances; and (3) the title page include a brief designation of the document's nature, in this case "Amended Complaint." In addition, Plaintiff is directed to comply with Civil Local Rule 15.1, which requires that any amended pleading be "complete in itself without reference to the superseded pleading."

**Any amended complaint must be filed within 30 days of entry of this order.**  If Plaintiff fails to file an amended complaint within 30 days, or the complaint fails to conform to the requirements specified above, **this case will be dismissed**.

**IT IS SO ORDERED.**

DATED: September 27, 2007

_____
Honorable Barry Ted Moskowitz
United States District Judge